IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY LOLIN JIMENEZ, SR., #122076   \*
  #3B5239,
                                      \*
Plaintiff
                                      \*
v                                          Civil Action No. PWG-16-3721
                                      \*
WELLS FARGO, NATIONAL
 ASSOCIATION,                         \*
KATHLEEN DEAN, Remediation Analyst,
                                      \*
Defendants
                                     \*\*\*

## MEMORANDUM OPINION

On April 4, 2017, Defendants' Motion to Dismiss the Amended Complaint for failure to state a claim was granted, Plaintiff Anthony Lolin Jimenez, Sr. was assigned a "first strike" pursuant to 28 U.S.C § 1915(g), and this case was closed. ECF No. 34. Pending is Plaintiff's Motion to Set Aside the Judgment and Order pursuant to Fed. R. Civ. P. 60(b) (1), (4), & (5), filed on December 27, 2019.  ECF No. 37.

To support a motion under Rule 60(b), Plainitff, as the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Ruston v. Holder,* 544 F. App'x. 215 (4th Cir. 2013) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993)). After these threshold requirements are met, he must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; or (3) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. *See* Fed. R. Civ. P. 60(b)(1),(4), & (5).  Plaintiff "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated

by adequate proof." *In re Burnley,* 988 F.2d 1, 3 (4th Cir. 1992).  A Rule 60(b) motion is an "extraordinary remedy", only to be granted in "exceptional circumstances."  *See Mayfield v. National Ass'n for Stock Auto Car Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

The Rule 60(b) Motion, like Plaintiff's dismissed Amended Complaint and his other submissions in this case, all but defies comprehension.  As best as can be discerned, Plaintiff seeks reconsideration because (1) a Colorado Court of Appeals panel[1] "concerning subject matter that mimics the issue in this case" found "Security interest CUSIP 316345602 was proven to be connected to [his] criminal case number" and he was unaware of the case; (2) "The Defendant: U.S Bank National Association" in association with Wells Fargo National Association, stated in its Motion to Dismiss dated April 12, 2019 that his security interest refers to a home loan;[2] (3) after this case was dismissed, he learned of two active security interests "as of 12/30/18"; and (4) he performed a Google search and found the Memorandum Opinion in this case, and only he should post such a document to avoid potential misleading "investors."  ECF No. 37 at 3-4.

Plaintiff's Motion does not set forth allegations to suggest that the threshold considerations for reconsideration under Rule 60(b) are satisfied.  He provides no explanation why he filed this

---

[1] Plaintiff does not identify the case.  However, he has filed with his Motion part of an unpublished opinion of the Colorado Court of Appeals announced on November 15, 2018, affirming the dismissal of his Complaint by the El Paso County District Court.  ECF No. 37-3.  The Colorado Court of Appeals decision reads in part:

> … Jimenez's complaint merely assumes that the defendants were the parties responsible for creating this security interest because they have connection to his criminal case.  The complaint lacks any facts to show how, when, why or even that the defendants created this interest, or that such creation was illegitimate.
>
> *****
>
> Therefore, we conclude that Jiminez pleaded insufficient facts to push his claims past mere speculation (possibility) to plausibility. (citation omitted)  And we note that a division of the Tenth Circuit Court of Appeals dismissed a similar claim by Jimenez based on the same security interest, in an unpublished order…."

ECF No. 37-3 at 8.  To the extent Jimenez premises his Rule 60(b) Motion for Reconsideration on this case, his reliance is misplaced.

[2] Plaintiff does not identify the case or otherwise explain why this information provides grounds for reconsideration.

Motion some twenty months after the Order dismissing this case issued or why he has a meritorious defense. Regarding the Colorado Court of Appeals decision, he fails to identify the case, when the order in that case issued, when he discovered that order, or how the decision provides grounds for reconsideration. His next allegation makes reference to a case for which he provides no identifying information or explanation why it provides reason for reconsideration. As to his third allegation, he does not identify the security interests, when he learned of their existence or how they provide new facts to premise a meritorious defense. His concern that this Court's Memorandum Opinion can be accessed through a Google search is frivolous—the Memorandum Opinion is a matter of public record. Further, Plaintiff fails to establish why reopening this case would not cause prejudice to Defendants. In sum, Plaintiff falls far short of demonstrating extraordinary circumstances to warrant the extraordinary remedy provided by Rule 60(b).

For these reasons, the Court shall deny and dismiss the Motion to Set Aside Judgment. A separate Order follows.

 April 30, 2020   	 ____/S/_____
Date	Paul W. Grimm
	United States District Judge